IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANIE K. THOMAS<br>        Appellant | §<br>§<br>§ | |
| VS. | § | Case No. 4:05-CV-58 |
| | § | |
| ROY WIMMER<br>        Appellee | §<br>§<br>§ | |
| | § | U. S. Bankruptcy Court # 04-43079 |

**MEMORANDUM OPINION ON APPEAL FROM BANKRUPTCY COURT**

Debtor, Janie Kathleen Thomas, appeals from the "Order Granting Motion for Relief from Automatic Stay of Act Against Real Property and Request for *In Rem* Relief as to 1541 Raleigh Drive, Carrollton, Denton County, Texas," entered by the Bankruptcy Court for the Eastern District of Texas, in case number 04-43079 (Chapter 7), Hon. Brenda T. Rhodes, Presiding.  Appellee moved to strike and for sanctions asserting that Appellant, appearing *pro se*, failed to properly designate items to be included in the record.

As noted, Thomas is appearing *pro se*.  This is not an excuse for failure to comply with the rules of procedure. A *pro se* litigant's pleadings will be construed liberally in light of "existing law, or any reasonably based suggestion for its extension, modification, or reversal." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  However, appearing *pro se* does not afford the party a "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Id.*  A *pro se* litigant must follow the Rules of Procedure. *In re Carney,* 258 F.3d 415, 418 (5th Cir. 2001).  Nevertheless, since this is

a *pro se* case, the court reviewed the briefs carefully. The court became concerned when Appellee appeared to focus exclusively on the procedural advantage held by one with a retained attorney, and provided the court nothing in the way of support for the justness of his cause.

From a cursory review of part of the record, it quickly became apparent that Appellee's brief had, at the very minimum, attempted to overstate the facts in an attempt to discredit Thomas. In particular, in paragraph 2 of the Statement of the Case in Appellee's brief, Appellee attempts to make the point that Thomas is a serial bankruptcy filer by citing the court to a case filed by Charles Estley Thomas on October 1, 2001. Appellee states that Charles Thomas is the spouse of Appellant Janie Thomas, and then states "said Court dismissed JANIE KATHLEEN THOMAS's case with prejudice to re-filing same." A review of the file in that case fails to disclose that Janie Kathleen Thomas was a named party in that case. (Case No. 01-43997, U. S. Bankruptcy Court, Eastern District of Texas.) The voluntary petition in the case does not list a joint debtor or spouse. This misstatement lead to the obvious question: Why would a party, which presumably has a strong, or even unassailable, position, "guild the lily" by claiming that the Bankruptcy Court had dismissed an earlier case of Appellant Janie Kathleen Thomas, when in fact that had not happened?

It was Appellant's responsibility to timely designate the items to be included in the record on appeal, and if the recorded designated includes a transcript, to deliver a written request to the clerk of the bankruptcy court for the transcript. Bankruptcy Rule 8006. However, in light of the misleading statements in Appellee's Brief, the court has, *sua sponte*, reviewed the record.

Thomas filed a Notice of Appeal on September 28, 2004, only 14 days after the Order Granting Relief from Stay was stated on the record [Doc. #15]. Thomas then filed "Appellant's

Designation and Statement of Issues" on October 8, 2004.  That first Notice of Appeal was struck by the Bankruptcy Court for failure to pay the filing fee [Doc. #22].  The present appeal is based upon a second Notice of Appeal filed, with the appropriate fee [Doc. #24].

While Appellee has been slow to provide this court with useful information supporting the merits of his claim, he was lightening quick in filing an objection to Thomas' Notice of Appeal on the grounds that it was a few days late and had not met the requirements to designate a designation of items to be included in the record.  It is technically correct that a second designation and statement of issues has not been filed.  However, this court is reluctant to allow a *pro se* party to be dispossessed of her house on purely procedural grounds, especially where the deadline is not jurisdictional and there is no indication that Appellee's ability to respond to the appeal was impaired in any way.  *See In re Michaelesco*, 288 B. R. 646 (D. Conn. 2003), *In re C.P.D.C., Inc.*, 221 F.3d 693 (5th Cir. 2000).

It was also of note that Appellee Wimmer failed to provide copies of any of the documents referred to in his brief, or copies of any of the evidence relied upon in the Bankruptcy Court when the order granting the motion for relief from automatic stay was entered.  The provisions of the Bankruptcy Code 11 U.S.C. § 109 (g), which the Bankruptcy Judge relied upon, was not even mentioned in Appellee's brief.  This court, therefore, had to look up, and review, the files of the prior bankruptcy cases listed in Appellee's Brief, and review the record in this case.  The time this took was not to Appellee's advantage, but Appellee's brief was not written to make it easy for a reviewing court to quickly affirm the ruling below.

On October 1, 2001, Charles E. Thomas, whose address was 1541 Raleigh, Carrollton, Texas, filed a Petition in Bankruptcy under Chapter 13, which was dismissed with prejudice on

February 13, 2002, because of debtor's failure to appear at the Meeting of Creditors. (Case No. 01-43997-S, U. S. Bankruptcy Court, Eastern District of Texas.) Although Appellant in the present case, Janie Thomas, was not mentioned in that case, she filed a Petition in Bankruptcy under Chapter 13 on June 3, 2002. (Case No. 02-43406-S, U. S. Bankruptcy Court, E. D. Tex.) While the petition does not list Charles Thomas, it does indicate Janie Thomas' address as 1541 Raleigh, Carrollton, Texas. That case was dismissed with prejudice on October 9, 2002, for debtor's failure to appear at the Meeting of Creditors. Subsequent bankruptcy petitions were filed, each listing an address of 1541 Raleigh Drive, Carrollton, Texas, as follows:

    a.    Chapter 13 petition by Charles E. Thomas on January 6, 2003 - dismissed with prejudice on June 29, 2003, for failure to commence making plan payments and failure to comply with requests made at the Meeting of Creditors (Case No. 03-40122-S, U. S. Bankruptcy Court, E. D. Tex),

    b.    Chapter 13 petition by Janie Kathleen Thomas filed on August 29, 2003 - dismissed with prejudice on December 10, 2003, for the reasons stated in the Motion to Dismiss of the Trustee. (Case No. 03-44089-R, U. S. Bankruptcy Court, E. D. Tex),

    c.    Amended Voluntary Petition in Bankruptcy under Chapter 7, filed by Charles Estley Thomas and Janie Kathleen Thomas on June 1, 2004. (Case No. 04-41943, U. S. Bankruptcy Court, E. D. Tex) This is the first time the records indicate that Janie and Charles had filed jointly. However, on the same date, Debtors filed a motion to dismiss Janie Kathleen Thomas on the grounds that the U. S. Attorney had informed attorney for debtors of the previous order in Case No. 03-44089 dismissing her petition with prejudice. On June 14, 2004, the court granted the motion of Roy Wimmer (the Appellant in the present case) for relief from automatic stay "to allow Movant to proceed with the eviction of Debtors under state law" [Doc. #12] and then on July 16, 2004, granted the motion to dismiss Janie Kathleen Thomas. [Doc. #14]. On August 14, 2004, the court signed the Discharge of Debtor [Doc. #16].

On July 2, 2004, two full weeks prior to being dismissed from Cause No. 04-41943, Appellant Janie Kathleen Thomas filed a petition under Chapter 7 in the case out of which the

present appeal arises. She again lists her address 1541 Raleigh Drive, and does not list Charles Estley Thomas. Appellee Wimmer filed a Motion for Relief from Stay [Doc. #6] and an Amended Motion for Relief from Automatic Stay [Doc. #7]. The docket sheet shows that a hearing on the motion was held on September 14, 2004, and on September 20, 2004, the Order Granting Relief from Automatic Stay, which is the subject of the appeal, was entered by the Bankruptcy Judge [Doc. #13]. The docket sheet indicates that the motion was "granted for reasons stated into the record."

## ANALYSIS

### Standard of Review

A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous, Bankruptcy Rule 8013. Conclusions of law are subject to de novo review. *In re A&M Operating Co., Inc.,* 182 B.R. 997, 1000 (E.D. Tex. 1995) aff'd 84 F.3d 433 (5th Cir. 1996) (unpublished table decision).

After listening to the court's tape recording of the hearing before the Bankruptcy Court, and examining the briefs and the documents on file in this case, and reading the files in the other bankruptcy cases in the Eastern District, referenced at the hearing before the Bankruptcy Court, the court determines that oral argument is not needed to determine the issues presented in this case. *See* Bankruptcy Rule 7012.

### Review of Bankruptcy Court's Decision

The Bankruptcy Court found that in Bankruptcy Case No. 03-44089, the Bankruptcy Court had lifted the automatic stay on June 4, 2004. The Court then granted a motion to dismiss Ms. Thomas from the case on July 16, 2004. Based on these facts, the Court found that in the

present cases there was a violation of the Bankruptcy Code 11 U.S.C. § 109(g)(2) The Bankruptcy Court held that the present case should not have been filed within 180 days of Bankruptcy Case No. 04-41943, because Ms. Thomas had been a party to that case when the motion to life stay had been granted, and then had voluntarily requested that she be dismissed from that case.  Since Ms. Thomas should not have filed the present case, the Court lifted the automatic stay.

The facts found by the learned Bankruptcy Judge are amply supported by the record.  Far from being "clearly erroneous" they appear to be clearly correct.  Based upon the facts, the Bankruptcy Judge's conclusions of law are also correct, and it was appropriate to lift the automatic stay.  This court also notes that the history of alternating bankruptcies being filed by Ms. Thomas, and her husband, Charles Thomas, seems to be an effort to prevent creditors from exercising their own rights.[1]

Accordingly, the Bankruptcy Court's "Order Granting Motion for Relief from Automatic Stay of Act against Real Property and Request for In Rem Relief as to 1541 Raleigh Drive, Carrollton, Denton County, Texas," [Bankruptcy Document #13] is **AFFIRMED**.  All pending motions and claims for relief which are not specifically granted herein, are **DENIED**.  Costs of court are taxed to Appellant, Janie K. Thomas.

Signed this the __26__ day of _____July_____, 2005.

_____
Ron Clark, United States District Judge

---

[1] Appellee made this claim, but chose not to provide this court with any document or transcript to back up his allegations.